No. 09-16246 & 10-13071

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 29 2011

JOHN LEY
CLERK

ELOY ROYAS MAMANI, et al.,
Plaintiffs/Appellees,

v.

JOSE CARLOS SÁNCHEZ BERZAÍN AND GONZALO SÁNCHEZ DE LOZADA SÁNCHEZ BUSTAMENTE
Defendants/Appellants

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
HON. ADALBERTO JORDAN, J., JUDGE
CASE No. No. 07-22459 & 08-21-63

---

## MOTION OF *AMICUS CURIAE* EARTHRIGHTS INTERNATIONAL FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES

---

MARCO B. SIMONS
RICHARD L. HERZ
JONATHAN KAUFMAN
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Tel: 202-466-5188

Counsel for *amicus curiae* EarthRights International

No. 09-16246 & 10-13071                          *Mamani v. Sánchez Berzaín*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Cir. R. 26.1-1, Amici hereby submit their Certificate of Interested Persons:

**A.  TRIAL JUDGE & MAGISTRATE JUDGE**

   The Honorable Adalberto Jordan, United States District Court, Southern District of Florida

   Magistrate Judge Chris Marie McAliley, United States District Court, Southern District of Florida

**B.  PLAINTIFFS-APPELLEES**

   Apaza Cutipa, Hernan (Appellee)

   Baltazar Cerro, Teofilo (Appellee)

   Bernabe Callizaya, Hermogenes (Appellee)

   Espejo Villalobos, Sonia (Appellee)

   Huanca Quispe, Felicidad Rosa (Appellee)

   Mamani Aguilar, Gonzalo (Appellee)

   Quispe Mamani, Juan Patricio (Appellee)

   Ramos Mamani, Etelvina (Appellee)

   Rojas Mamani, Eloy (Appellee)

   Valencia de Carvajal, Juana (Appellee)

**C.  COUNSEL TO PLAINTIFFS-APPELLEES**

   Akin Gump Strauss Hauer & Feld LLP (counsel for Appellees)

   Bollinger, Jeremy F. (counsel for Appellees)

Cavallaro, James L., International Human Rights Clinic of Human Rights Program, Harvard Law School (counsel for Appellees)

Center for Constitutional Rights (counsel for Appellees)

Chomsky, Judith Brown (counsel for Appellees)

Farbstein, Susan H., International Human Rights Clinic of Human Rights Program, Harvard Law School (counsel for Appellees)

Giannini, Tyler Richard, International Human Rights Clinic of Human Rights Program, Harvard Law School (counsel for Appellees)

Green, Jennifer M. (counsel for Appellees)

Hoffman, Paul L. (counsel for Appellees)

International Human Rights Clinic of Human Rights Program, Harvard Law School (counsel for Appellees)

International Human Rights and Conflict Resolution Clinic, Stanford Law School (counsel for Appellees)

Kairys, Rudovsky, Messing & Feinberg LLP (counsel for Appellees)

Kurzban Kurzban Weinger Tetzeli &Pratt P.A. (counsel for Appellees)

Lerman Helyar, L. Rachel (counsel for Appellees)

Rudovsky, David (counsel for Appellees)

Schonbrun DeSimone Seplow Harris & Hoffman LLP (counsel for Appellees)

Schulman, Steven H. (counsel for Appellees)

Small, Michael C. (counsel for Appellees)

Stephens, Beth A. (counsel for Appellees)

## D. DEFENDANTS-APPELLANTS

Sánchez Berzaín, José Carlos (Appellant)

Sanchez de Lozada Sanchez Bustamante, Gonzalo (Appellant)

## E. COUNSEL TO DEFENDANTS-APPELLANTS

Ahmad, N. Mahmood (counsel for Appellants)

Dershowitz, Alan M. (counsel for Appellants)

Downey, Kevin M. (counsel for Appellants)

Goldsmith III, Jack Landman (counsel for Appellants)

Greenberg, Traurig, LLP (counsel for Appellants)

Greenblum, Benjamin M. (counsel for Appellants)

Kurzban, Ira Jay (counsel for Appellants)

Pedrosa, Eliot (counsel for Appellants)

Reyes, Ana C. (counsel for Appellants)

Rubinoff, Andres Nicholas (counsel for Appellants)

Schnapp, Mark Paul (counsel for Appellants)

Shanmugam, Kannon K. (counsel for Appellants)

Stewart, Beth A. (counsel for Appellants)

Williams & Connolly LLP (counsel for Appellants)

Windom, Thomas (counsel for Appellants)

## F. *AMICI CURIAE* & OTHER INTERESTED PARTIES

EarthRights International (*amicus curiae*)

Owen, Roberts B. (*amicus curiae*)

Robinson, Davis R. (*amicus curiae*)

Sofaer, Abraham D. (*amicus curiae*)

Taft, IV, William (Government party)

G.  **COUNSEL TO *AMICI CURIAE***

Dorta & Ortega, P.A. (counsel for *amici curiae*)

EarthRights International (counsel for *amici curiae*)

Fried, Frank, Harris, Shriver & Jacobson LLP (counsel for *amici curiae*)

Hansen, Eugene N. (counsel for *amici curiae*)

Herz, Richard (counsel for *amici curiae*)

Kaufman, Jonathan (counsel for *amici curiae*)

Ortega, Omar (counsel for *amici curiae*)

Polebaum, Elliot E. (counsel for *amici curiae*)

Simons, Marco (counsel for *amici curiae*)

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 *amicus curiae* EarthRights International submits its Corporate Disclosure Statement as follows: *Amicus* does not have a parent corporation nor is there a publicly held corporation that owns 10% or more of its stock.

## MOTION OF *AMICUS CURIAE* EARTHRIGHTS INTERNATIONAL FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLEES PETITION FOR REHEARING EN BANC

*Amicus curiae* EarthRights International herein seeks leave to file the accompanying brief of *amicus curiae* in support of plaintiffs-appellees, pursuant to Fed. R. App. P. 29 and 11th Cir. R. 29-1 and 29-2, in order to call this Court's attention to the misapplication, by the panel in *Mamani v. Sánchez Berzaín*, No. 09-16246, 2011 WL 3795468 (11th Cir. Aug. 29, 2011) (henceforth "*Mamani*"), of the standard for crimes against humanity, which contravened the settled law of this Circuit.

The attached brief argues that the *Mamani* panel stated the correct legal standard for crimes against humanity in this Circuit – the standard upheld by *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1252 (11th Cir. 2005) and *Cabello v. Fernandez-Larios*, 402 F.3d 1148 (11th Cir. 2005) – but that the panel subsequently failed to adhere to that standard.

The panel correctly recognized that crimes against humanity occur as a result of a "widespread *or* systematic" attack against civilian populations, acknowledging that "widespread" and "systematic" are alternative, *not* cumulative, qualifiers. *Mamani* at *6. The panel fundamentally erred, however, when it analyzed the sufficiency of the *Mamani* plaintiffs' allegations under the "widespread" prong of the test alone, effectively disregarding the availability of the "systematic" prong. *Mamani* at *6. *Amicus curiae* argues that this application of the test for crimes against humanity contravenes both

1

federal case law and international law, which make clear that the attack necessary for crimes against humanity must be widespread *or* systematic; it need not be both widespread *and* systematic.

Neither international law nor federal case law requires that any minimum quantitative threshold of violent acts be committed for a crime to constitute a crime against humanity. *Prosecutor v. Blaškić*, Case No. IT-95-14, Judgment ¶ 207 (Mar. 3, 2000). International tribunals and federal case law have affirmed that even when the total number of deaths or injuries involved is small, wrongful acts may constitute crimes against humanity if they are sufficiently systematic and are committed against a civilian population. This is so because whether an attack is "systematic" is not determined by the scale of the attack or the number of injuries. *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp. 2d 633, 670 (S.D.N.Y. 2006), *aff'd*, 582 F.3d 244 (2d Cir. 2009). *See also Almog v. Arab Bank, PLC*, 471 F. Supp. 2d 257, 275 (E.D.N.Y. 2007); *Prosecutor v. Rutaganda,* Case No. ICTR-96-3-T, Judgment ¶ 69 (Dec. 6, 1999)).

Under customary international law, the phrase "systematic" refers, instead, to the "organized nature of the acts of violence and the improbability of their random occurrence. Patterns of crimes, in the sense of the non-accidental repetition of similar criminal conduct on a regular basis, are a common *expression* of such systematic occurrence." *Prosecutor v. Blaskic,* Case No. IT-95-14-A, Appeals Judgment ¶ 101 (July 29, 2004) (emphasis added). The

2

*Mamani* panel thus erred in its application of the "widespread" or "systematic" test when it disposed of plaintiffs' allegations as being neither "widespread" nor "systematic" simply because the alleged "toll" of injuries and deaths was not sufficiently numerous. *Mamani* at *6.

*Amicus curiae* Earthrights International (ERI) has substantial organizational interest in the issues addressed in this brief. Moreover, these issues fall within *amicus's* areas of expertise. EarthRights International is a non-profit human rights organization based in Washington, D.C., that litigates and advocates on behalf of victims of human rights abuses worldwide. ERI is or has been counsel in several cases in which the application of the legal standard for crimes against humanity claims has been litigated, including *Doe v. Unocal Corp.*, No. 00-56603 (9th Cir.), *Bowoto v. ChevronTexaco Corp.*, No. 99-CV-2506 (N.D. Cal.), and *Wiwa v. Royal Dutch Petroleum Corp.*, No. 96 Civ. 8386 (S.D.N.Y.). Most relevant to this appeal is *In re Chiquita Brands International, Inc. Alien Tort Statute and Shareholder Deriviative Litigation*, No. 08-01916-MD (S.D. Fla.), in which ERI represents the plaintiffs in one of several cases consolidated for pre-trial purposes, alleging, among other violations, crimes against humanity and extrajudicial killings perpetrated by paramilitary groups acting under color of Colombian law. ERI thus has a substantial interest in assuring the uniform and correct application of the settled legal standard for crimes against humanity, especially in this Circuit.

*Amicus curiae* timely submits this brief within ten court days of the brief

it supports, Appellees' Petition for Rehearing. *Amicus* has sought the consent of both parties to file their brief. Counsel for the plaintiffs has granted their consent. Counsel for the defendants "do not oppose" the filing of this brief.

## CONCLUSION

*Amicus* respectfully request that this Court grant the Motion of *Amicus Curiae* EARTHRIGHTS INTERNATIONAL for Leave to File Brief of *Amicus Curiae* In Support of Plaintiffs-Appellees.

DATED: September 28, 2011             Respectfully submitted,

/s/ Marco Simons
MARCO SIMONS
Counsel for *Amicus Curiae*

it supports, Appellees' Petition for Rehearing. *Amicus* has sought the consent of both parties to file their brief. Counsel for the plaintiffs has granted their consent. Counsel for the defendants "do not oppose" the filing of this brief.

## CONCLUSION

*Amicus* respectfully request that this Court grant the Motion of *Amicus Curiae* EARTHRIGHTS INTERNATIONAL for Leave to File Brief of *Amicus Curiae* In Support of Plaintiffs-Appellees.

DATED: September 28, 2011                Respectfully submitted,

                                         MARCO SIMONS
                                         Counsel for *Amicus Curiae*

4

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## CERTIFICATE OF SERVICE

*Mamani* vs. *Sánchez Berzaín*, Appeal No. 09-16246 & 10-13071

I hereby certify that on September 28, 2011,

a true and correct copy of the foregoing Motion of *Amicus Curiae* EarthRights International for Leave to File Brief of *Amicus Curiae* in Support of Plaintiffs-Appellees,

was dispatched to a FedEx, a third-party commercial carrier,

and properly addressed to the persons whose names and addresses are listed below:

Kannon K. Shanmugam
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
*Counsel for Defendants*

Steven H. Schulman
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue NW
Washington, DC 20036
*Counsel for Plaintiffs*

Marco Simons
Your Name (please print)

Your Signature

